UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

*In re:*

| | |
|---|---|
| Lucinda M. Broecker, | **Chapter:** 13 |
| fka Lucinda M. Malocha, | **Case Number:** 11-00386 |
| Debtor(s). | **Judge:** Gregg |

107 East Broadwell Street
Albion, MI  49224

xxx-xx-9377
_____/

**DEBTOR'S REPLY TO CREDITOR CHASE HOME FINANCE LLC'S ("ALLEGED CREDITOR") RESPONSE TO DEBTOR'S OBJECTION TO ALLEGED CREDITOR'S CLAIM**

Debtor, by and through her attorney, for her reply, states:

Alleged creditor claims an interest in Debtor's property, namely, her *in rem* interest in the property at 107 E. Broadwell, Albion, MI, by virtue of Debtor's dower interest in said property. Alleged creditor claims, by virtue of the definition of a claim, as interpreted by *Johnson v. Home State Bank*, 501 U.S. 78; 111 S.Ct. 2150; 115 L.Ed.2d 66 (1991).  Indeed, the *Johnson* court held,

> Similarly, 102(2) establishes, as a "[r]ul[e] of construction," that the phrase "`claim against the debtor' includes claim against property of the debtor." A fair reading of 102(2) is that a creditor who, like the Bank in this case, has a claim enforceable only against the debtor's property nonetheless has a "claim against the debtor" for purposes of the Code.  *Id*. at 85.

This case is easily distinguished from *Johnson* in that the Debtor in *Johnson* held title to property from which the creditor could recover, *in rem*.

The problem with alleged creditor's analysis is that Debtor has no such interest as it relates to alleged creditor.  Whether one has a dower interest in property is a question for state

law. In this case, Debtor married the landowner after he was seized of the property. The law that is directly on point is MCL 558.3 that states,

> When a person seized of an estate of inheritance in lands, shall have executed a mortgage of such estate before marriage, his widow shall be entitled to a dower out of the lands mortgaged, as against every person except the mortgagee and those claiming under him.
>
> See also, *Burrall v. Hurd*, 61 Mich. 608, 615; 28 N.W. 731 (Mich. 1886).

Therefore, Debtor has a dower interest in the real property against every person except the mortgagee and those claiming under the mortgagee. In other words, as Debtor's property interest does not, *ab initio*, extend to the mortgagee, the mortgagee does not have a claim against Debtor's property. Moreover, as Debtor's dower interest is inchoate and does not extend to mortgagee, should the mortgagee ever lawfully foreclose on the real property, the rest of Debtor's dower interest would be extinguished. However, the mortgagee could not *recover* out of Debtor's dower interest; this is critical as the *Johnson* court specified that an alleged creditor must have a claim against the Debtor's property. In this case, the alleged creditor can recover nothing from the Debtor because the Debtor simply has no dower interest as it relates to the alleged creditor.

As to the automatic stay, Debtor has not been asked by alleged creditor for a stay lift. However, the alleged creditor could only obtain a stay relief against Debtor as to property that alleged creditor could recover from Debtor. As stated, supra, Debtor does not have a dower interest as it relates to alleged creditor and, should alleged creditor attempt to lawfully foreclose on the property, there would be no recovery by alleged creditor out of Debtor's estate. However, Debtor has no problem stipulated to a lift of the stay as it relates to her property or property of the estate.

March 14, 2011

                                              <u>/s/Guy T. Conti</u>
                                              Guy T. Conti P68889
                                              ContiLegal
                                              Attorney for Debtor
                                              2002 Hogback Rd., Suite 11
                                              Ann Arbor, MI  48105
                                              888.489.3232 voice
                                              888.848.8228 fax
                                              gconti@contilegal.com